IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| GABRIELLA G. HORNEF,  Plaintiff,  v.  HUNTINGTON DEBT HOLDING, LLC and ADVANCED PORTFOLIO GROUP, LLC  Defendants. | CIVIL COMPLAINT  CASE NO.1:21-cv-00144  DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes GABRIELLA G. HORNEF ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of HUNTINGTON DEBT HOLDING, LLC ("HDH") and ADVANCED PORTFOLIO GROUP, LLC ("APG") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the District of New Mexico and a significant portion of the events or omissions giving rise to the claims occurred within the District of New Mexico.

### PARTIES

1

4. Plaintiff is a consumer over the age of 18 residing in Albuquerque, New Mexico which lies within the District of New Mexico.

5. HDH is a limited liability company with its principal office located at 210 John Glenn Drive, Suite 10, Amherst, New York 14228. HDH uses the mail and telephone for the principal purpose of collecting debts owed to others from consumers on a nationwide basis, including consumer in New Mexico.

6. APG is a limited liability company with its principal office located at 1965 Sheridan Drive, Suite 300, Buffalo, New York 14223. APG is also debt collector who "strive[s] to work with consumers to help them reduce their debt".

7. HDH is APG's principal. Consequently, HDH is liable for APG's actions as it exercises control over APG's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustee, sureties, subrogees, representatives and insurers at all times relevant to this instant action.

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise of the same transaction, occurrence, or series of transaction or occurrences and common questions of law of fact will arise.

## FACTS SUPPORTING CAUSES OF ACTION

10. This actions stems from Defendants' attempts to collect upon a default consumer obligation ("subject consumer debt") purchased by HDH.

11. Upon information and belief, HDH purchased the subject consumer debt after Plaintiff allegedly defaulted on her scheduled payments to the original creditor.

12. Subsequently, HDH placed the subject consumer debt with APG for collection purposes.

13. Around July of 2020, APG began placing collection calls to Plaintiff's cellular phone (505) XXX-2390, on behalf of HDH.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2309. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. When APG started placing collection calls to Plaintiff's cellular phone, Plaintiff had just delivered a baby and, therefore, was unable to speak to APG during this time period.

16. In response to this, APG began placing collection phone calls to Plaintiff sister, Sabrina Peralta, on her cellular phone, (505) XXX-1530 to collect upon the debt purportedly owed by Plaintiff.

17. When Plaintiff learned that APG was placing collection calls to her sister, Plaintiff was shocked as she never provided her sister's contact information to either one of the Defendants and, as a result of this, she immediately contacted APG via telephone.

18. During this call, APG threatened Plaintiff with litigation, garnishment and seizure of her vehicle if she did not make a payment on the subject consumer debt.

19. Appalled by APG's conduct, Plaintiff again contacted APG to complain to a manager about the harassment she faced.

20. Accordingly, Plaintiff spoke with her attorneys regarding her rights, resulting in pecuniary loss and expenditure of resources.

21. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, confusion, embarrassment and aggravation.

COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendants identify themselves as debt collectors, and are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of 15 U.S.C § 1692b**

27. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]"

28. Defendants violated 15 U.S.C. §1692b(2) on the multiple instances APG contacted Plaintiff's sister and disclosed to them that Plaintiff owes a debt.

29. Additionally, under §1692b(3), a debt collector is prohibited from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer [and] shall not communicate with any such person more than once unless requested to

do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

30. Defendants violated 15 U.S.C. §1692b(3) by contacting Plaintiff's sister on more than one occasion, despite the fact that Plaintiff's sister had no relationship with the underlying subject debt. Defendants employed these tactics in order to exert outward pressure upon Plaintiff.

### b. Violations of FDCPA §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

32. Defendants violated 15 U.S.C. §1692d when APG contacted a third party associated to Plaintiff and disclosed that Plaintiff purportedly owed the subject consumer debt. Under the FDCPA, debt collectors are strictly prohibited from disclosing to third parties that a consumer owes a debt. Defendant was endeavoring to harass and abuse Plaintiff by disclosing that she purportedly owes the subject consumer debt to a known third party in an attempt to coerce payment from Plaintiff so that the calls from Defendants would cease.

### c. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

35. Defendants violated 15 U.S.C. §§ 1692e, e(5), and e(10) when APG used deceptive means to collect and/or attempt to collect the subject consumer debt. On at least one occasion, APG threatened to initiate a lawsuit against Plaintiff to collect upon the subject consumer debt without the intent to follow through. Defendants' lack of intent to initiate a lawsuit against Plaintiff can be gauged by the fact that APG issued its threat after Plaintiff explained that she could not pay. From APG's actions, Defendants' intentions were to collect upon the subject consumer debt outside of the judicial process by continuing with their deceptive and coercive collection campaign. These false and deceptive tactics utilized by Defendants only served to worry and confuse Plaintiff.

36. In addition to this, Defendants also violated 15 U.S.C. §§ 1692e and e(10) by continuously contacting a third party and disclosing that Plaintiff purportedly owes the subject consumer debt. By constantly calling a third party associated with Plaintiff, Defendants deceptively represented that they had the legal authority to contact third parties and disclose that Plaintiff allegedly owes the subject consumer debt.

### d. Violations of FDCPA § 1692f

1. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

2. Defendants violated §1692f when they unfairly and unconscionably attempted to collect on a debt by threatening to sue Plaintiff to collect upon the subject debt without the intent to follow through. Any reasonable fact finder will conclude that Defendants' threats were unfair and unconscionable as they were designed to instill and under sense of urgency within consumers to make a payment.

3. Defendants further violated §1692f when they unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff's sister in an unfair and unconscionable attempt to coerce Plaintiff into making a payment so that Defendants' calls would cease.

WHEREFORE, Plaintiff, GABRIELLA G. HORNEF, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 19, 2021                                  Respectfully submitted,

                                                                                               s/Nathan C. Volheim
Nathan C. Volheim, Esq. # 21-32
*Counsel for Plaintiff*
Admitted in the District of New Mexico
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 575-8181 x113 (phone)
(630) 575-8188